IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

MICHAEL W. STEVENS,                    CASE NO.:12-CV-80917-WILLIAMS

    Plaintiff,

vs.

STORM TIGHT WINDOWS, INC.,
a Florida corporation,

    Defendant.
_____/

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff, MICHAEL W. STEVENS, and Defendant, STORM TIGHT WINDOWS, INC., hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

### Recitals and Definitions

a. The "action" shall mean Stevens v. Storm Tight Windows, Inc., case number: 12-CV-80917-WILLIAMS, pending in the United States District Court for the Southern District of Florida.

b. "Plaintiff" shall mean, MICHAEL W. STEVENS, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

c. "Defendant" shall include, STORM TIGHT WINDOWS, INC.'s predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives.



## Agreement and General Release

Each and every recital above is fully and expressly incorporated herein.

1. Defendant agrees to pay Plaintiff the sum of Eight Thousand One Hundred and no/100 Dollars ($8,100.00). The settlement shall be paid as follows:

   a. Payment to Michael W. Stevens, in the total amount of Three Thousand Three Hundred Ninety and 00/100 Dollars ($3,390.00) is payable within ten (10) days of the approval of this Agreement by the Court. One half of this sum, representing back wages, will be subject to standard payroll deductions. The remaining one half, representing liquidated damages, will not be subject to withholdings and will be reported on an IRS Form 1099; and

   b. Payment to Gary A. Isaacs, P.A. representing attorney's fees and costs, in the amount of Four Thousand Seven Hundred Ten and 00/100 Dollars ($4,710.00), is payable within forty-five (45) days of this Agreement being approved by the Court.

In the event Defendant fails to timely make a payment under this Agreement, Plaintiff shall be entitled to the immediate entry of judgment in the amount of Eight Thousand One Hundred and no/100 Dollars ($8,100.00) in his favor against Defendant ex parte upon submission of affidavit of nonpayment.

2. In exchange for the Settlement Payment, the Plaintiff unconditionally releases and discharges Defendant (the "Released Party") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which Plaintiff now owns or holds, or has owned or held against the Released Party, including, but not limited to, any and all claims, demands, liabilities, or

causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendant, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Party committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the Action.

Plaintiff, being 40 years of age or older, is advised of and acknowledges the following:

    a. Plaintiff shall have up to twenty-one (21) days to consider and accept the terms of this agreement by executing it below, and returning it to Defendant's counsel. During this twenty-one (21) day period and before signing this agreement, Plaintiff is encouraged to consult with an attorney regarding the

terms and provisions of this agreement, at his own expense. The terms and provisions of this agreement are null and void if not accepted by Plaintiff within the twenty-one (21) day period. Plaintiff may sign the agreement prior to the conclusion of the twenty-one (21) day period.

b. By signing this agreement, Plaintiff waives any claims he has or might have against Defendants under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of Plaintiff's execution of the agreement.

c. Plaintiff shall have seven (7) calendar days from the date he signs this agreement to revoke the agreement by notifying Defendant in writing prior to the expiration of the seven (7) calendar day period. If Plaintiff chooses to revoke this agreement, notice must be sent in writing to:

> KENNETH L. MINERLEY
> MINERLEY FEIN, P.A.
> 1200 N. FEDERAL HIGHWAY, SUITE 420
> BOCA RATON, FL 33433

d. Plaintiff acknowledges that he has received consideration in addition to anything of value Plaintiff was already entitled to for the execution of this waiver.

3. Michael W. Stevens will not apply for Reemployment with the Defendants.

4. The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiff's spouse, counsel, accountants, Defendant's spouses, counsel, accountants, pursuant to a subpoena, to enforce this

agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff's counsel and Defendant's counsel.

5. Plaintiff agrees to dismiss this action, with prejudice, upon the Court's approval of this settlement, unless the action is dismissed by the Court. The Parties agree to take all reasonable steps to obtain an approval of this settlement by the Court, and further agree that the Court will retain jurisdiction to enforce the terms of this Agreement.

6. In the event the parties seek to enforce the terms of this Agreement, the prevailing party shall be entitled to attorney's fees and costs, damages, and injunctive relief, if applicable.

7. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.

8. It is further understood and agreed that the Settlement Payment, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final mutual general releases affected thereby.

9. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

10. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

11. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

12. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

As to Plaintiff:

Date: 7-31-2013

_____
MICHAEL W. STEVENS

As to Defendant:

Date: 8/9/2013

STORM TIGHT WINDOWS, INC.

By: _____

Its: General Manager